# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>HILDA L. ACEVEDO TACORONTE<br><br>Debtor | **CASE NO. 04-05068-GAC** |
| HILDA L. ACEVEDO TACORONTE<br><br>Plaintiff,<br><br>Vs.<br><br>DORAL BANK, JOHN DOE AND RICHARD ROE<br><br>Defendant(s). | **CHAPTER 13**<br><br>**ADV. PROC. NO. 05-0148**<br><br>**WILLFUL VIOLATION OF AUTOMATIC STAY** |

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** defendant, **DORAL BANK**, through its undersigned counsel, and respectfully states, alleges and prays as follows:

The first two paragraphs of the Complaint, concerning the jurisdiction and venue of this Court, do not require a responsive allegation from defendant. If they do, they are denied as alleged.

1. Paragraph 1 of the Complaint is admitted.

2. Paragraph 2 of the Complaint is admitted.

3. Doral Bank is without knowledge or information sufficient to form a belief as to the truth of the allegatins in Paragraph 3.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is denied as alleged.

6. Paragraph 6 of the Complaint is denied as alleged.

7. The first sentence of Paragraph 7 is admitted. The second sentence of Paragraph 7 is not a factual averment, but a legal conclusion and, as such, requires no responsive pleading and if it does, it is denied.

8. Paragraph 8 of the Complaint is denied. It is affirmatively aside from filing by mistake an action for collection of money for approximately $5,000, no collection efforts were made against debtor's assets or estate and all collection efforts ceased.

9. The first sentence of Paragraph 9 of the Complaint is admitted. Doral Bank is without knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 9.

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint requires no responsive pleading.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is not a factual allegation, but a legal conclusion, and, as such, does not require a responsive pleading. In the alternative, Paragraph 18 is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state acts by Doral Bank which amount to a violation of the Bankruptcy Code and/or any of the estate's protected rights.

3. The Complaint fails to state acts adequate to show that the estate has suffered any damages as a result of the acts of Doral Bank.

4. Doral Bank's actions were not intentional or deliberate, as required by the Bankruptcy Code for the imposition of actual damages.

5. Doral Bank's actions were not malicious, egregious or in bad faith, as required by the Bankruptcy Code for the imposition of punitive damages.

6. The Plaintiff has not suffered any damages, and any damages that are alleged are exaggerated, unreasonable and unrelated to the facts of this case.

7. Plaintiff's damages, if any, were directly caused by her own negligent actions.

8. There is no causal connection between the damages allegedly suffered by Plaintiffs and any of Doral Bank's acts or omissions. It is affirmatively averred that Plaintiff's successive bad faith filings and voluntary dismissals of multiple bankruptcy petitions were the cause of any alleged damages.

9. The Plaintiff's alleged damages are speculative, unreasonable and have not been pleaded with the required specificity.

10. The Plaintiff has failed to mitigate damages.

11. Doral Bank reserves the right to raise any other defenses available, as well as those that may rise during the discovery procedures and/or during the course of the litigation.

**WHEREFORE**, Doral Bank respectfully requests this Honorable Court to enter judgment in its favor dismissing the Complaint, award them costs and attorney's fees and enter all other general and equitable relief which the Court believes is proper and just.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify Plaintiff's attorney, **Juan Manuel Suárez Cobo, Esq.** and **Chapter 13 Trustee, José Ramón Carrión Morales.**

In San Juan, PR, this 6th day of September, 2005.

**PIETRANTONI MENDEZ & ALVAREZ**
Popular Center, 19th Floor
209 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Tel. (787) 274-1212
Fax (787) 274-1470


Néstor M. Méndez-Gómez
USDC PR No. 118409
nmendez@pmalaw.com


**s/ Herman G. Colberg-Guerra**
Herman G. Colberg-Guerra
USDC PR No. 212511
hcolberg@pmalaw.com