IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                  :
                                        :
    HILDA L. ACEVEDO TOCORONTE,         :    CASE NO. 04-05068 (GAC)
                                        :
    Debtor                              :    CHAPTER 13
_____  :
                                        :
    HILDA L. ACEVEDO TOCORONTE,         :
                                        :
    Plaintiff                           :
                                        :
    v.                                  :
                                        :    ADV. NO. 05-00148
    DORAL BANK, JOHN DOE and            :
    RICHARD DOE,                        :
                                        :
    Defendants                          :
_____  :

**DECISION AND ORDER**

I. Procedural Background

Pending before the Court is a motion for summary judgment filed by the debtor Hilda L. Acevedo Tocoronte ("debtor")(Docket #15) and a cross motion for summary judgment filed by the defendant Doral Bank ("Doral")(Docket #26). On May 13, 2004, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Docket #1, legal case). The debtor's schedules provided that Doral held an unsecured non priority claim in the amount of $3,000.00 (Docket #1, Schedule F in legal case). On June 17, 2005, the debtor filed the present adversary case contending that Doral violated the automatic stay by filing a complaint in the local court (Docket #1). On November 23, 2005, the debtor filed a motion for summary judgment (Docket #15) and on January 3, 2006, Doral filed a cross motion for summary judgment (Docket #26). After these two motions

were filed, the debtor and Doral have collectively filed fourteen (14) motions in replies and sur-replies to the original motion for summary judgment (Dockets #27, #32, #36, #41, #56, #57, #65, #66, #67, #69, #75, #76, #78 and #79). On March 10, 2006, the Court held a pretrial hearing and ordered that once all the motions were filed, the matter would be taken under advisement (Docket #46).

II. Position of the Parties

A. Debtor

The debtor maintains that Doral violated the automatic stay by filing a complaint for collection of monies in the First Instance Court of San Juan, for which it is entitled to recover damages pursuant to § 362(h). The debtor asserts that Doral was duly notified by the Chapter 13 Trustee of the petition for bankruptcy filed on May 13, 2004. The address upon which Doral was served with the Notice of the Chapter 13 Bankruptcy Case was "Doral Bank Div. Legal Box 191191, San Juan, PR 00919-1191" (Docket #1, Creditors Matrix in legal case). It also asserts that on May 25, 2004, Doral filed the Proof of Claim #2 in the amount of $5,202.00 (Claims Register in legal case). The debtor contends that although Doral knew of the petition and had filed the Proof of Claim #2, on February 14, 2005, Doral filed a complaint for collection of monies under Rule 60 of the Puerto Rico Rules of Civil Procedure. The debtor maintains that Doral's actions constitute a violation of the automatic stay.

The debtor also asserts that Doral's affiliates and agents should have been informed by Doral that the debtor had filed a

2

petition for bankruptcy. The debtor maintains that if one of its affiliates by error filed the complaint it is imputed to Doral. The debtor contends that although Doral argues that the debtor's multiple filings are what confused Doral to make the error of referring the case to a law firm and filing a complaint, the debtor equates this argument with "a computer did it excuse." Thus, the debtor requests that the Court grant its motion for summary judgment and then schedule a hearing to determine actual damages, punitive damages, cost and attorney's fees.

B. <u>Doral</u>

Doral contends that it did not violate the automatic stay because it had no notice that the debtor filed the present petition for bankruptcy. Doral argues that the debtor, by abusing the bankruptcy process, provoked a technical violation of the automatic stay and that thus, the debtor is not entitled to damages.

Doral maintains that the address "Div. Legal Box 191191, San Juan, PR 00919-1191" has never been its address, and that for such reason Doral did not know of the debtor's petition for bankruptcy, but instead had to consult a publication known as the "Boletin de Puerto Rico" to obtain knowledge (Docket #57, page 4). It admits that it filed Proof of Claim #2 (Docket #57, page 4), but contends that even if actual knowledge could be imputed to it, the technical violation in this case occurred because of debtor's own acts and its abuse of the bankruptcy process. It alleges that it was Doral Financial, who had notice of the bankruptcy petition and it filed Proofs of Claim #1 and #10. It also contends that Doral Financial

3

is a different and independent institution. Although, Doral in its answer to the complaint admits "filing by mistake an action for collection of monies for approximately $5,000.00" (Docket #9, page 8), it asserts that it did not make any collection efforts and that once it found out, it filed a motion requesting the voluntary dismissal of the action KCM05-0207 (Docket #33, Exhibit #1). Thus, Doral alleges that sanctions are inappropriate for a mere technical violation of the automatic stay and/or because Doral has acted in good faith.

Doral asserts that in the case of In re Soares, 107 F.3d 969 (1st Cir. 1997), the bankruptcy court lifted the automatic stay retroactively, thereby validating actions which otherwise would be void. Doral argues that when a creditor inadvertently violates the automatic stay because of debtor's misuse of the bankruptcy process, courts sometimes have afforded retroactive relief, especially when debtors who act in bad faith create situations that make such relief appropriate under the totality of the circumstances. Doral contends that the debtor abused the bankruptcy process by: filing three bankruptcy petitions; by not including Doral's debt in the second petition; by voluntarily dismissing the second case and later filing another one, although the debtor's circumstances had not changed; by not only filing and voluntarily dismissing multiple bankruptcy petitions of a frivolous nature, but also dismissing a second one pending recommendation by the trustee.

Doral also asserts that the complaint filed for collection of

4

monies in the local court, was a direct result of debtor's misuse and abuse of the bankruptcy process. It argues that an employee that worked at Doral's collections department received notice of the debtor's voluntary dismissal of the second bankruptcy petition and that thus, Doral referred the action for collection of monies to a law firm known as Bufete Sanabria. Doral asserts that it referred the case to Bufete Sanabria in view of plaintiff's voluntary dismissal of her second bankruptcy petition and that for such reason it was not until it was served with the summons and complaint of this adversary case, that Doral gained knowledge of the confusion created by the debtor's multiple filings and dismissals, and the technical violation in which it had incurred. Doral maintains that the debtor's actions prevented it from being duly notified by the Chapter 13 Trustee of the filing of the present bankruptcy petition and concludes that in view of the uncontested facts and applicable standard, Doral is entitled to retroactive relief from the automatic stay.

III. <u>Discussion</u>

A. <u>Summary Judgment Standard</u>

Under Federal Rule of Civil Procedure 56(c) made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b); <u>Celotex Corporation v.</u>

5

<u>Catrett</u>, 477 U.S. 317 (1986) (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrate that there is no genuine issue of material fact. <u>In re Edgardo Ryan Rijos v. Banco Bilbao Vizcaya & Citibank (In re Rijos)</u>, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). Once the movant makes a *prima facie* showing that there are no genuine issues of material fact, the burden of proof shifts to the party opposing the motion for summary judgment to establish that there are questions of fact. 10 *Collier on Bankruptcy*, ¶ 7056.04, p. 7056-8 (15th ed. 2006). The Court must view the evidence in the light most favorable to the nonmoving party. <u>In re Rijos</u>, 263 B.R. at 388 (B.A.P. 1st Cir. 2001). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." <u>Id</u>.

    B. <u>The Automatic Stay</u>

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No.989, 95th Cong., 2d Sess. 54-55 (1978), *reprinted* in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy." <u>Id</u>.

6

The automatic stay provision specifically outlines those acts which are prohibited, including:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

When a creditor willfully acts after the filing of a petition under 11 U.S.C. § 301, and without authorization from the Court, to collect a pre-petition claim against the debtor and the action causes the debtor injury, the debtor may recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.  11 U.S.C. § 362(h). Although, the Bankruptcy Code does not define the term "willful," the United States Court of Appeals for the First Circuit has held that a creditor willfully violates the automatic stay if it: (1) has notice of the automatic stay, and (2) the act or acts of the defendant were intentional. <u>Fleet Mortgage Group, Inc. v. Kenneth A. Kaneb (In re Kaneb)</u>, 196 F.3d 265, 269 (1st Cir. 1999). There can be no violation of the automatic stay if creditor was not given actual notice of the filing of the petition. <u>Id</u>. The debtor has the burden of providing the creditor with actual notice and then, the burden shifts to the creditor to prevent violations of the automatic stay. <u>Id</u>. at 270.

In the present case, the debtor asserts that Doral filed a

7

complaint in the local court for collection of monies after it had notice that the debtor had filed a petition for bankruptcy. If Doral had notice of the debtor's bankruptcy petition and nonetheless, filed a complaint in the local court, Doral's action would go against the plain meaning of § 362(a)(1) and would constitute a violation of the automatic stay. Thus, the first question before the Court is whether Doral had notice of the debtor's petition for bankruptcy when it filed the action for collection of monies in the local court.

   C. Notice of the Bankruptcy Filing

The United States Court of Appeals for the First Circuit in In re Mc Mullen, 386 F.3d 320 (1st Cir. 2004), found no violation of the automatic stay in a case where the creditor did not have actual knowledge nor notice of the debtor's bankruptcy petition. The court stated that "absent such knowledge on the part of the creditor, however, the violation is merely 'technical,' and no damages are awarded." Id. at 330. See also In re Will, 303 B.R. 357, 364 (Bankr. N.D.Ill. 2003).

"[A] technical violation occurs when a creditor violates the provisions of § 362(a) without knowledge that an active bankruptcy case is pending." In re Will, 303 B.R. 357, 364 (Bankr. N.D.Ill. 2003)(citing In re Skeen, 248 B.R. 312, 317(Bankr. E.D.Tenn 2000)). In In re Will, 303 B.R. 357, 364 (Bankr. N.D.Ill. 2003), the court defined the concept "actual knowledge" of a bankruptcy case. The court states that an "unofficial oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the

8

automatic stay." Id. at 364.

In the present case, the debtor asserts that Doral was duly notified by the Chapter 13 Trustee of the bankruptcy filing by sending notice to "Doral Bank Div. Legal Box 191191, San Juan, PR 00919-1191" (Docket #1, Creditors Matrix in legal case). Doral challenges the accuracy of the address listed in the schedules. Doral asserts that it was not given notice of the filing of the petition and that it became aware of the debtor's bankruptcy when it received the summons in the present adversary proceeding.

On the other hand, despite the fact that Doral contends that it did not have notice of the debtor's petition, it filed Proof of Claim #2 on May 25, 2004, twelve days after the debtor filed the petition for bankruptcy. Doral also admits that it became aware of the debtor's petition through the "Boletin de Puerto Rico" (Docket #57, page 4). Thus, the Court concludes that although Doral contends that the address listed is incorrect, Doral acquired knowledge of the debtor's petition for bankruptcy, then filed Proof of Claim #2 and thus, it had actual knowledge of the petition for bankruptcy.

D. Retroactive Relief from the Automatic Stay

The First Circuit Court of Appeals has recognized that bankruptcy courts are authorized to annul the automatic stay retroactively, when equitable considerations warrant it, to validate actions which otherwise would be void. In re Bright, 338 B.R. 530 (1st Cir. 2006) and In re Soares, 107 F.3d 969. But, "when a creditor seeks post facto annulment of the stay, it must show

9

extreme circumstances, with facts both 'unusual' and 'unusually compelling.'" In re Bright, 338 B.R. at 535 citing In re Soares at 977. In In re Soares, the First Circuit Court of Appeals provided two examples of "unusual and unusually compelling" circumstances in which a court may exercise its limited discretion to grant retroactive relief: (1) where a creditor inadvertently violated the automatic stay because it lacked knowledge of the bankruptcy, or (2) where a debtor acted in bad faith. In re Soares, 107 F.3d at 977.

Doral argues that it inadvertently violated the automatic stay because of debtor's misuse of the bankruptcy process specifically: by filing three bankruptcy petitions; by not including Doral's debt in the second petition; by voluntarily dismissing the second case and later filing another one, although the debtor's circumstances had not changed; by not only filing and voluntarily dismissing multiple bankruptcy petitions of a frivolous nature, but also dismissing a second one pending recommendation by the trustee. Doral argues that because the debtor has acted in bad faith, it has created the kind of situation that makes such relief appropriate under the totality of the circumstances.

The Court finds that the facts in In re Bright, *supra*, are distinguishable from the facts of the present case. In In re Bright, the debtor failed to disclose her interest in property. Although, the debtor failed to disclose it, she immediately asserted her claim to a portion of the surplus funds generated by the foreclosure sale of the property. Then, the debtor failed to

10

notify the bankruptcy court or the Chapter 13 Trustee of her claims, nor did she invoke the automatic stay or make any allegation of damage resulting from the violation of the stay for almost two years, when she finally filed a counterclaim in an interpleader action. Moreover, the debtor thought soon after she talked to her attorney, that her petition would be filed, but her attorney filed the petition eight months after and when she inquired about the case, the attorney lied to her about filing the petition and gave her a bogus bankruptcy case number to give to creditors. Also, while the debtor's bankruptcy case was pending, her attorney was suspended from the practice of law and ultimately disbarred.

The Court concludes that the above described facts are different from to the facts in the present case. The First Circuit Court of Appeals considered that the facts in <u>In re Bright</u>, *supra*, were 'unusual' and 'unusually compelling' as to give the creditor retroactive relief from the automatic stay. The facts in the present case are not 'unusual' and 'unusually compelling.' In the present case, the undisputed facts are that: the debtor filed the petition for bankruptcy on May 13, 2004 (Docket #1, legal case); the debtor scheduled Doral in Schedule F as having an unsecured non priority claim in the amount of $3,000.00 (Docket #1, legal case); an address for Doral was listed in the Creditors Matrix (Docket #1, legal case); Doral filed Proof of Claim #2 on May 25, 2004 (Claims Register in legal case); Doral admits that it obtained knowledge of

11

the debtor's bankruptcy through a publication known as "Boletin de Puerto Rico" (Docket #57, page 4) and on August 31, 2004 Doral filed a motion requesting the voluntary dismissal of action KCM05-0207 because the debtor filed bankruptcy (Docket #33, Exhibit #1).

Doral had knowledge of the debtor's bankruptcy and by arguing that an employee that worked at Doral's collections department received notice of the debtor's voluntary dismissal of the second bankruptcy petition, and that thus, it mistakenly thought that the case had been voluntarily dismissed and this is why it referred the action for collection of money to Bufete Sanabria, does not persuade the Court to hold that this case is unusual and unusually compelling to warrant the retroactive relief from the automatic stay.

The Court finds that the facts in the present case show that Doral was equipped with knowledge of the debtor's bankruptcy and timely filed Proof of Claim #2. The Court concludes that the first requisite of a willful violation is met because Doral obtained knowledge of the debtor's bankruptcy. The Court also concludes that Doral's actions were willful because after obtaining knowledge of the petition it filed Proof of Claim #2, and then it filed the complaint in local court, which it should have prevented.

III. <u>Summary</u>

In the present case, the debtor filed a motion for summary judgment and Doral opposed the request and also filed a motion for summary judgment. The legal documents introduced by both parties in

12

their respective motions do not raise substantial issues of fact regarding whether Doral willfully violated the automatic stay. This Court concludes that the debtor has met her burden of showing that there are no genuine issues of material fact. Likewise, the Court concludes that Doral has not met its burden of proving that it did not willfully violate the automatic stay or that the debtor is not entitled to damages. Accordingly, the debtors' motion for summary judgment against Doral will be granted.

**ORDER**

WHEREFORE IT IS ORDERED that the Debtor's Motion for Summary Judgment (Docket #15) shall be, and it hereby is, GRANTED. An evidentiary hearing is scheduled for September 4, 2007 at 1:30 a.m. in the United States Bankruptcy Court. The Court will consider the debtor's entitlement to damages at that time.

Doral Bank's Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment (Docket #26) shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 17th day of July 2007.

s/ Gerardo A. Carlo-Altieri
_____
GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

13